UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

TAMMY RICHARDSON                                    Case No. 1:14-cv-584

    Plaintiff,

                                                       Black, J.

v.                                                     Bowman, M.J.

PETERMAN/DURHAM,

    Defendant.

**REPORT AND RECOMMENDATION**

This action is before the Court on the *pro se* Plaintiff's application to proceed *in forma pauperis*. By separate Order, Plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. This matter is before the Court for a *sua sponte* review of the complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B); *see also Gibson v. R.G. Smith Co.*, 915 F.2d 260, 262 (6th Cir. 1990)(explaining procedure for screening *in forma pauperis* actions). Upon review, the undersigned finds that this action should be dismissed because Plaintiffs fail to state any claim upon which relief may be granted.

    **II. Analysis**

        **A. General Standards Applicable to Complaints Filed *In Forma Pauperis***

28 U.S.C. § 1915 provides that a district court may authorize the commencement of a civil action without prepayment of fees provided the applicant submits an affidavit demonstrating that he or she "is unable to pay such fees or give security therefor." 28

U.S.C. § 1915(a)(1). Under 28 U.S.C. § 1915(e)(2), the Court has the responsibility to screen all actions filed by plaintiffs including non-prisoners seeking *in forma pauperis* status and to dismiss any action or portion thereof which is frivolous or malicious, fails to state a claim for which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *McGore v. Wrigglesworth,* 114 F.3d 601, 608 (6th Cir.1997), *overruled on other grounds by Jones v. Bock,* 549 U.S. 199, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007); *Johnson v. City of Wakefield,* 2012 WL 2337343 *1 (6th Cir. June 20, 2012); *Johns v. Maxey,* 2008 WL 4442467 *1 (E.D.Tenn. Sept.25, 2008) (Greer, J.).

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see also* 28 U.S.C. §1915(e)(2)(B)(i).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(ii). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus,* 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to

'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)); *see also Hill,* 630 F.3d at 470–71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2) (B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678 (citing *Twombly,* 550 U.S. at 556). The court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly,* 550 U.S. at 555 (quoting *Papasan v. Allain,* 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal,* 556 U.S. at 678 (citing *Twombly,* 550 U .S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Erickson,* 551 U.S. at 93 (citations omitted).

Application of these general standards to Plaintiff's complaint favors dismissal of this case for failure to state a claim.

3

**B. Plaintiff's Complaint**

Plaintiff has marked a box on the form used to file her complaint that alleges subject matter jurisdiction under 28 U.S.C. §1343, ordinarily used for a "civil rights lawsuit alleging that Defendant(s) acting under color of State law, deprived you of a right secured by federal law or the Constitution." (Doc. 1-1 at 2). Essentially, Plaintiff claims federal question jurisdiction. *See* 28 U.S.C. §1331.

From a review of the body of the complaint, it appears that Plaintiff is attempting to sue her current employer for failing to promote her from bus monitor to bus driver, and/or for failing to provide her with the training necessary for her to obtain a bus driver position. Plaintiff's complaint generally alleges that she was humiliated and lied to by her employer on various dates from approximately June through August 2013. Plaintiff seeks back pay in the amount that she would have earned had she been promoted to driver, including overtime pay, as well as damages, including punitive damages for "emotional distress" and "betrayal." (Doc. 1-1 at 5-6). Plaintiff does not state whether she is a member of a protected class or directly allege discrimination, but at one point in her complaint she includes the following phrase: "disparity of treatment trained/hired 4 Caucasian canidates [sic] over me." (Doc. 1-1 at 5). Plaintiff also includes as an attachment to her complaint a letter from an apparent supervisor addressed "To Whom It May Concern" and dated 12/16/2013, stating the reasons why Plaintiff was not hired as a driver. (Doc. 1-1 at 7).

Given the allegations of the complaint, it is reasonable to assume that Plaintiff is seeking to file an employment discrimination suit under Title VII, 42 U.S.C. §2000e *et seq.,* rather than a civil rights suit under 42 U.S.C. §1983. Notwithstanding the claimed

4

jurisdiction under 28 U.S.C. §1343, Plaintiff's complaint is devoid of any reference to any civil rights statute, and there is no allegation that would suggest that any claim exists under 42 U.S.C. §1983, or that the Defendant – which does not appear to be a state agency - acted "under color of State law."

Plaintiff's complaint is subject to dismissal for failure to state a claim upon which relief may be granted. "Before a plaintiff alleging discrimination under Title VII can bring suit in federal court, she must satisfy two administrative prerequisites: '(1) by filing timely charges of employment discrimination with the EEOC, and (2) receiving and acting upon the EEOC's statutory notices of the right to sue.'" *Nichols v. Muskingum College*, 318 F.3d 674, 677 (6th Cir. 2003)(quoting *Puckett v. Tennessee Eastman Co.*, 889 F.2d 1481, 1486 (6th Cir. 1989))(other citations omitted). These requirements exist "so that the EEOC will have an opportunity to convince the parties to enter into voluntary settlement, which is the preferred means of disposing of such claims." *Randalph v. Ohio Dept. of Youth Services*, 453 F.3d 724, 732 (6th Cir. 2006)citing *Parsons v. Yellow Freight Sys., Inc.*, 741 F.2d 871, 873 (6th Cir. 1984)). "Where the plaintiff files suit prior to receiving the right to sue letter, the district court is compelled to dismiss the premature action for failure to exhaust administrative remedies." *Mitchell v. Chapman*, 343 F.3d 811, 821 n. 10 (6th Cir. 2003)(citing *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560 (6th Cir. 2000)).

Plaintiff has not alleged any facts suggesting she has exhausted her administrative remedies or received a notice of right to sue from the EEOC before filing this action. Therefore the complaint fails to state a claim upon which relief may be granted and should be dismissed under 28 U.S.C. §1915(e)(2)(B).

5

### III. Conclusion and Recommendation

For the reasons explained above, **IT IS RECOMMENDED THAT** Plaintiff's complaint be DISMISSED without prejudice for failure to state a claim, and that this case be CLOSED.

 *s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

TAMMY RICHARDSON

    Plaintiff,

    v.

PETERMAN/DURHAM,

    Defendant.

Case No. 1:14-cv-584

Black, J.
Bowman, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).